UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARIELLE WALSH, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GILBERT ENTERPRISES, INC. d/b/a CLUB FANTASIES, and FRANCIS DELUCA | Civ. A. No. _____<br><br>CLASS ACTION<br><br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

1.  Plaintiff Arielle Walsh worked for the Defendants as an exotic dancer at Club Fantasies in Providence, Rhode Island, and brings this action on her own behalf and on behalf of a class of exotic dancers who have worked at Club Fantasies. As set forth below, the Defendants misclassified exotic dancers at Club Fantasies as independent contractors rather than as employees, have failed to pay their exotic dancers a base wage, and have required the exotic dancers to pay illegal fees, fines, and tip-outs as a condition of their employment. These practices violate the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Rhode Island Minimum Wage Act, R.I. Gen. Law § 28-12-1 *et seq.*, and the Rhode Island Payment of Wages Law, R.I. Gen. Laws § 28-14-1 *et seq*.

## THE PARTIES

2.  Plaintiff Arielle Walsh is a resident of Marion, Massachusetts, who exclusively worked for Club Fantasies as an exotic dancer between 2011 and 2013.

3.  Defendant Gilbert Enterprises, Inc. is a domestic for-profit corporation organized under the laws of the State of Rhode Island. Gilbert Enterprises, Inc. maintains its principal office at 28 Sims Avenue, Providence, Rhode Island, and is one of the entities that owns and operates Club Fantasies.

4. Defendant Francis Deluca is a resident of Rhode Island, and on information and belief resides in Narragansett, Rhode Island. Defendant Deluca is the president and owner of Gilbert Enterprises, Inc., and Defendant Deluca owns, operates, and manages Club Fantasies.

## JURISDICTION

5. The Court has original jurisdiction under 28 U.S.C. § 1331, as a federal claim is alleged in this case, and under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff Walsh brings this lawsuit on her own behalf and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fed. R. Civ. P. 23(a) and (b)(3), and section 28-14-19.2 of the Rhode Island Payment of Wages Law, to recover classwide damages arising from Defendants' misclassification of their exotic dancers, their failure to pay wages, and their practice of requiring dancers to pay unlawful fees, fines, and tip-outs to ineligible employees. In addition, the Plaintiff seeks to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs as provided by law.

7. Plaintiff Walsh seeks to represent the following class under Rhode Island law and the FLSA: all individuals who have worked for Defendants as exotic dancers at Club Fantasies at 28 Sims Avenue, Providence, Rhode Island, at any time during the three-year period prior to the filing of this action.

8. Joinder is impracticable due to the size and composition of the class, the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees. The class is expected to be comprised of well-over one-hundred class members.

9. There are issues of law and fact common to all class members, because Defendants' employment and wage practices similarly applied to and affected all class members. The issues of law and fact are: a) whether Defendants misclassified their exotic dancers, b) whether Defendants failed to pay wages, c) whether Defendants unlawfully required dancers to pay fees, fines, and tip-outs to ineligible employees.

10. The claims of the named Plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

11. Plaintiff Walsh will fairly and adequately represent the interests of the class because she does not have any conflict of interest with the class members, she understands her duty as a class representative, and the undersigned counsel will fairly and adequately represent the class members' interests because, between them, they have substantial experience in this field.

12. In addition to 29 U.S.C. § 216(b), this lawsuit should be maintained as a class action for the reasons enumerated in Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3).

## STATEMENT OF FACTS

13. Defendants employ exotic dancers who provide erotic entertainment to the Defendants' customers at Club Fantasies.

14. Defendants classify their exotic dancers as independent contractors, but they do not meet the definition of independent contractors under state and federal law. Specifically:

   a) the Defendants require their exotic dancers to work exclusively for Club Fantasies, and prohibit the exotic dancers from working at any other club;

   b) the Defendants establish set hours for each shift, and require their exotic dancers to work a minimum number of shifts per week;

   c) the Defendants require their exotic dancers to report their availability to management at least a week in advance for scheduling purposes, and whenever an exotic dancer fails to report for a scheduled shift, they were subject to being fined, suspended, or terminated;

   d) the Defendants also have the right, in their sole discretion, to turn any of their exotic dancers away at the start of shift, even if the dancer is scheduled to work on that shift;

   e) the Defendants have the right to terminate their exotic dancers at will, for any reason and without any warning, as well as to discipline, fine, or suspend their exotic dancers for any reason;

   f) the Defendants employ a management staff, including "house moms," that supervise the exotic dancers;

    g) the management staff takes attendance, controls how often and at what time the exotic dancers are required to perform stage dances during their shifts, and enforces the club's rules for the exotic dancers;

    h) for each stage dance performance, the Defendants require their exotic dancers to perform on stage for a specific number of songs that the Defendants unilaterally determine, and the Defendants prohibit their exotic dancers from leaving the stage until another exotic dancer is available to replace them;

    i) the exotic dancers perform a service that is an integral part of the Defendants' regular course of business, namely, the operation of an adult entertainment club (*i.e.* a strip club) that provides live entertainment in the form of live nude and semi-nude exotic dancing.

15. Defendants do not pay their exotic dancers a base wage.

16. The only compensation that the exotic dancers receive while working at Club Fantasies are tips paid by customers.

17. In order to work at Club Fantasies, the Defendants require their exotic dancers to pay the Defendants a shift fee of approximately $30 (the fee depends on whether it was a day shift or a night shift), plus a $10 fine if the dancer reports to the shift late. If an exotic dancer works double shifts in one day, she must pay two shift fees. If an exotic dancer does not earn enough in tips to pay a shift fee, the dancer cannot work again until she pays the full amount of the fee. If an exotic dancer does not report to a scheduled shift, the Defendants still require the exotic dancer to pay the fee for that shift before being allowed to work again.

18. In addition to shift fees, the Defendants collect a mandatory $5 fee from their exotic dancers for every lap dance that the dancers perform, and a $30 fee for every private "champagne room" dance the dancers perform, from the tips that the exotic dancers receive from customers for those dances.

19. The Defendants also require their exotic dancers to "tip-out" employees who are not eligible to receive tips, including the club's bouncers, house moms, bartenders, and disc jockeys. The Defendants require their exotic dancers to pay a $5 tip-out to the bouncer after every private champagne room dance, and between $5 and $10 to each bartender, house mom, and disc jockey each shift.

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 206
### (Failure to Pay the Federal Minimum Wage)

20. As set forth above, the Defendants' failure to pay their exotic dancers the federal minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 206(a). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Fair Labor Standards Act, 29 U.S.C. § 203
### (Unlawful Tip Sharing)

21. As set forth above, the Defendants' failure to allow their exotic dancers to retain all of their tips by requiring them to "tip-out" employees who do not customarily and regularly receive tips, as well as to pay a portion of their tips to the Defendants in the form of shift fees and other unlawful payments, violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT III
### Rhode Island General Laws § 28-14-19.1
### (Independent Contractor Misclassification)

22. As set forth above, the Defendants' misclassification of their exotic dancers as independent contractors, rather than as employees, violates R.I. Gen. Laws § 28-14-19.1. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to R.I. Gen. Laws § 28-14-19.2.

## COUNT IV
### Rhode Island General Laws § 28-12-3
### (Failure to Pay the State Minimum Wage)

23. As set forth above, the Defendants' failure to pay their exotic dancers the state minimum wage rate, including by requiring the dancers to pay shift fees and fines, violates R.I. Gen. Laws § 28-12-3. The Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to R.I. Gen. Laws § 28-14-19.2.

## COUNT V

### Rhode Island General Laws § 28-14-2 and § 28-14-2.2

24. As set forth above, the Defendants' requirement that their exotic dancers pay shift fees and fines to the Defendants in order to work at Club Fantasies violates R.I. Gen. Laws §§ 28-14-2 and 28-14-2.2.  The Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to R.I. Gen. Laws § 28-14-19.2.

## COUNT VI

### Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202

### (Declaratory Relief)

25. As set forth above, an actual controversy has arisen among the parties.
26. A declaratory judgment entered by this Court will terminate the uncertainty and controversy among the parties.
27. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 28 U.S.C. §§ 2201 and 2202.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:

1. Certification of the Plaintiff's claims under Counts I and II as a collective action under 29 U.S.C. § 216(b) and permission to issue notice to all similarly situated individuals informing them about this lawsuit and giving them an opportunity to opt-in to the collective action.
2. Certification of the Plaintiff's claims under Counts III through V as a class action pursuant to R.I. Gen. Laws § 28-14-19.2 and Fed. R. Civ. P. 23.
3. A declaratory judgment that the Plaintiff and other similarly situated individuals who worked as exotic dancers for the Defendants at Club Fantasies are employees, not independent contractors, under state and federal law.
4.  An award of compensatory damages in the form of unpaid wages, minimum wages, tips or gratuities, and restitution for the unlawful fees and fines that the exotic dancers paid in order to work at Club Fantasies.

5. Liquidated damages.
6. Pre- and post-judgment interest.
7. Attorneys' fees and costs.
8. Any other relief to which the Plaintiffs and class members may be entitled.

DATED:       November 6, 2015              Respectfully submitted,

                                           ARIELLE WALSH, on behalf of herself
                                           and all others similarly situated,

                                           By her attorneys,

                                           */s/ John T. Longo*
                                           _____
                                           John T. Longo, Esq.
                                           CITADEL CONSUMER LITIGATION, P.C.
                                           996 Smith Street
                                           Providence, RI 02098
                                           (401) 383-7550
                                           jtlongo@citadelpc.com

                                           Harold Lichten (Mass. BBO# 549689)
                                                   *pro hac vice* application forthcoming
                                           Shannon Liss-Riordan (Mass. BBO# 640716)
                                                   *pro hac vice* application forthcoming
                                           Peter Delano (Mass. BBO# 685079)
                                                   *pro hac vice* application forthcoming
                                           _____
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           729 Boylston Street, Suite 2000
                                           Boston, MA 02116
                                           (617) 994-5800
                                           hlichten@llrlaw.com
                                           sliss@llrlaw.com
                                           pdelano@llrlaw.com