```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
ARIELLE WALSH, On                   )
Behalf of Herself and All Others    )
Similarly Situated,                 )
                                    )
         Plaintiffs,                )
                                    )
    v.                              )    C.A. No. 15-472 WES
                                    )
GILBERT ENTERPRISES, INC.,          )
d/b/a CLUB FANTASIES; and           )
FRANCIS DELUCA,                     )
                                    )
         Defendants.                )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendants' Motion for Issuance of a Certificate of Appealability (ECF No. 62) regarding this Court's previous Order (ECF No. 61) granting the conditional certification of the FLSA action. For the following reasons, the Court DENIES Defendants' Motion.

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal if the order being appealed: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[A] legal question cannot be termed 'controlling' if litigation would be conducted in much

the same manner regardless of the disposition of the question upon appeal." Atrion Networking Corp. v. Marble Play, LLC, 31 F. Supp. 3d 357, 359 (D.R.I. 2014) (quotations omitted). Similarly, an interlocutory appeal is not likely to "materially advance termination of the litigation," 28 U.S.C. § 1292(b) "where a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling," Lillehagen v. Alorica, Inc., No. SACV 13-0092-DOC, 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014).

The primary basis for Defendants' Motion is the Fifth Circuit Court of Appeals' recent decision in In re JP Morgan Chase & Co., which held that district courts may not exercise their discretion to facilitate notice of a pending FLSA action to "employees who are unable to join the action because of binding arbitration agreements." 916 F.3d 494, 504 (5th Cir. 2019). According to Defendants, this Court previously "acknowledged the existence of the 2016 [Arbitration] Agreement but did not specifically address the fact that the individuals bound by the agreement had agreed to forego class and/or collective treatment of their individual claims and to submit those claims individually to arbitration," and, therefore, the impact of the 2016 agreements presents a "controlling question of law." Defs.' Mot. 3; see Mem. & Order 16, ECF No. 61. Defendants further contend that, because the Fifth Circuit is the only appellate court that has addressed this

2

question and because the "federal district courts around the country [are] splintered over [this] issue," there is "a substantial ground for difference of opinion" as to whether a district court may send notice to potential plaintiffs who signed arbitration agreements. Defs' Mot. 8-9.

Defendants' arguments are unpersuasive for several reasons. First, this case is distinguishable from JP Morgan in that the arbitration agreements at issue in JP Morgan applied to the entire collective action period, whereas the arbitration agreements at issue here only came into existence in February 2016 – nearly three years after the collective action period began in October 2013. Although the Court has not made any findings as to the validity or enforceability of the 2016 Arbitration Agreements, Defendants previously admitted to the Court that "[s]ome of the individuals within the putative class are subject to the provisions of only the 2012 Agreement (Plaintiffs fall into this group), some are subject to only the 2016 [Arbitration] Agreement, others are subject to the provisions of both agreements." Defs.' Resp. in Opp'n to Mot. to Certify Class 7, ECF No. 56. Thus, the Court cannot bar Notice to all employees who signed the 2016 Arbitration Agreement because, according to Defendants, it is possible that some of those employees may still be permitted to participate in this action to vindicate rights that accrued prior to signing that agreement. Indeed, submitting this question for appeal is likely

3

to delay resolution of this dispute rather than "materially advance the termination of litigation" because "a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling." Lillehagen, 2014 WL 2009031, at *7; see also Rieve v. Coventry Health Care, Inc., 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) ("[W]here the Court concludes certification would actually delay the resolution of the litigation, certification is not appropriate.") (quotations and citations omitted).

Second, none of the current opt-in plaintiffs signed the 2016 Arbitration Agreement. See Defs.' Resp. in Opp'n to Mot. to Certify Class 7 ("Some of the individuals within the putative class are subject to the provisions of only the 2012 Agreement (Plaintiffs fall into this group). . . .") (emphasis added). Therefore, "[t]he contracts [Defendants] urge[] the Court to enforce are between [Defendants] and third parties not before the Court . . . . Thus, [Defendants'] argument is premature at this stage." Bigger v. Facebook, Inc., No. 17 C 7753, 2019 WL 1317665, *11 (N.D. Ill. Mar. 22, 2019) (citing Weckesser v. Knight Enterprises S.E., LLC, No. 2:16-CV-02053, 2018 WL 4087931, at *3 (D.S.C. Aug. 27, 2018) (holding that "[t]he potential opt-in plaintiffs allegedly subject to arbitration agreements have not yet joined this action, and the Court therefore has no ability to determine whether any potential arbitration agreement[s] are enforceable against them")).

4

Given the unique facts of this case, the Court finds that its previous Order does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal from the order is not likely to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); See Atrion, 31 F. Supp. 3d at 359; Rieve, 870 F. Supp. 2d at 880. Accordingly, the Court declines to exercise it discretion to authorize this interlocutory appeal. See Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir.2005) (holding that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances").

For the foregoing reasons, the Court DENIES Defendants' Motion for Issuance of Certificate of Appealability (ECF No. 62).

IT IS SO ORDERED.

_/s/ W. Smith_

William E. Smith
Chief Judge
Date: June 12, 2019